# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                Plaintiff,<br>v.<br><br>SERGIO GARCIA, an individual,<br>MARK LOPEZ, an individual, and<br>DOES 1 through 10 inclusive,<br><br>                Defendants. | Case No.: 1:11-cv-01370 AWI JLT<br><br>FINDINGS AND RECOMMENDATION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT AND TO DISMISS THE MATTER |

Sergio Garcia seeks removal of an unlawful detainer action from the Kern County Superior Court. (Doc. 1). Currently before the Court is a motion to remand the action filed by plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff"). (Doc. 5). Garcia did not file an opposition to this motion. For the following reasons, the Court recommends the motion to remand be **GRANTED**.

**I. Procedural History**

Plaintiff commenced this action by filing a "Verified Complaint for Unlawful Detainer [C.C.P. §§ 1161a(b)(3) and 1166] Against Occupants Holding Over After Nonjudicial Sale Under Power of Sale in Deed of Trust" in Kern County Superior Court against Sergio Garcia and Mark Lopez on February 15, 2011, in Case No. S-1500-CL-256882. (Doc. 1, Exh. B). On February 17, 2011, defendants Garcia and Lopez filed individual answers to the complaint. (Doc. 5 at 3).

On May 4, 2011, Garcia filed a "Petition for Removal," to the United States District Court.[1] The Court found Garcia's removal was procedurally defective because he violated the rule of unanimity and the removal was untimely. (Case No. 1:11-cv-00711-AWI-JLT, Doc. 8 at 3-4). Further, the Court found it lacked subject matter and diversity jurisdiction in the matter. *Id* at 4-5. Therefore, the Magistrate Judge recommended the action be remanded to Kern County Superior Court. *Id.* This recommendation was adopted on July 8, 2011, and the matter was remanded. (Case. 1:11-cv-00711-AWI-JLT, Doc. 10).

Upon remand, Plaintiff filed a motion for summary judgment which was granted on July 25, 2011. (Doc. 6-2) As a result, Plaintiff was granted restitution of the premises and "writ of possession to issue." Id. Nevertheless, Garcia filed a second "Petition for Removal" on August 17, 2011. (Doc. 1). Careful review of the Petition for Removal reveals the document contains *identical* language to the Petition for Removal filed May 4, 2011. *Compare* (Case No. 1:11-cv-00711-AWI-JLT, Doc. 1) *with* (Case No.: 1:11-cv-01370-AWI- JLT, Doc. 1).

## II.  Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The Court's docket is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980). Therefore, the Plaintiff's request that the Court take judicial notice of the Court's docket and rulings in Case No. 1:11-cv-00711-AWI-JLT is **GRANTED**.

2

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute").

The Court may remand an action to state court for lack of subject matter jurisdiction or for defect in the removal procedure. 28 U.S.C. § 1447(c). A party opposing removal on the basis of a procedural defect must make a motion to remand within thirty days of the filing of the notice of removal. *Id.*

### III. Discussion and Analysis

Garcia's Petition for removal reads like a complaint for damages; he asserts numerous "causes of action" related to the foreclosure and sale of the real property at 5500 Dolfield Avenue in Bakersfield, California. (Doc. 1). Included in his request for damages, Garcia seeks declaratory and injunctive relief; compensatory, punitive, and exemplary damages; quiet title; and an order setting aside the foreclosure sale. *Id.* at 18-19. Garcia argues, "This district Court of the United States has original, concurrent jurisdiction over this cause of action" because "all mortgage issues are Federal Bonds, which gives Federal Courts [j]urisdiction." *Id.* at 2. Supporting this, Garcia argues the mortgage issues are federal bonds regulated by federal laws, including RESPA, TILA, and the National Banking Act. *Id.*

#### A. Garcia's removal was procedurally defective.

Previously, the Court explained that in cases involving multiple defendants, such as the current matter, the "rule of unanimity" requires that all defendants must join in a removal petition. *Wisconsin Dept of Corrections v. Schacht*, 524 U.S. 381, 393 (1998), citing *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900). One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). However,

3

Garcia failed to cure this defect in his notice of removal, and again failed to acknowledge his co-defendant or indicate Lopez joins or consents to the removal. Therefore, the notice of removal is defective.

Moreover, neither the first or second notice of removal was filed within thirty days of defendant receiving a copy of the pleading, as required by 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a **notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable**, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action.

*Id.* (emphasis added). According to the state court's records of the proceedings, Garcia was served with the summons and complaint on February 15, 2011, and Lopez was served on February 17, 2011.[2] Where there is more than one defendant, the removal period commences with service on the first party. *Teitelbaum v. Soloski*, F. Supp. 614, 615 (C.D. Cal. 1994) ("Because all defendants must join, the 30-day period for removal commences to run from the date the first defendant receives a copy of the complaint."). Therefore, removal of the action must have been completed within thirty days of service to Garcia, or by March 17, 2011. Consequently, Garcia's Petition for Removal was untimely.

**B. The Court lacks subject matter and diversity jurisdiction.**

As the party seeking removal, Garcia "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996), *citing Gaus*, 980 F.2d at 677-67.

///

---

[2] The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis*, 828 F.2d at 1388 n.9. As such, the Internet website for the Kern County Superior Court, containing the court system's records for filings in that court in this case (number S-1500-CL-256882) is subject to judicial notice.

### 1. Subject Matter Jurisdiction

The determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392). Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008), quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

The complaint filed in state court was an action for unlawful detainer. As the Court explained in its order to remand, "an unlawful detainer action does not arise under federal law, but arises instead under state law." (Case No. 1:11-cv-00711-AWI-JLT, Doc. 8 at 4) (citing *Deutsche Bank Nat'l Trust Co v. Solih Jora*, 2010 U.S. Dist. LEXIS 105453, at *4 (E.D. Cal. Oct. 1, 2010)). A plaintiff bringing an unlawful detainer claim is entitled to judgment upon establishing that the property at issue was sold in compliance with California Civil Code §2924 and that the requisite three-day notice to quit to defendant was served as required in California Code of Civil Procedure §1161. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018 at *5 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977). Thus, the unlawful detainer claim asserted by Plaintiff does not raise a federal question, and the Court lacks subject matter jurisdiction.

### a. The Court may not sit in review of the state court judgment

A party may not seek appellate review in federal court of a decision made in the state court under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Accordingly, the Court "lack[s] jurisdiction to exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). The Ninth Circuit explained,

> Typically, the Rooker Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district

    court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

*Doe v. Mann*, 451 F.3d 1038, 1041-42 (9th Cir. 2005).  In addition, a complaint in federal court must be dismissed for lack of subject matter jurisdiction if the "claims raised are . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 894, 898 (9th Cir. 2003), citing *Feldman*, 460 U.S. at 483, 485.

    Here, the state court entered judgment against Defendant. (Doc. 6-2) Thus, in essence, Defendant seeks federal court review of the state court judgment.  According to the *Rooker-Feldman* doctrine, therefore, the Court lacks jurisdiction over the matter.  *See Exxon Mobile Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 292-93 (2005) (The *Rooker-Feldman* doctrine precludes the district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . .").

    2.   Diversity Jurisdiction

    For the Court to have diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000.  28 U.S.C. § 1332(a).  In an unlawful detainer action, "the right to possession alone [is] involved– not title to the property." *Litton*, 2011 U.S. Dist. LEXIS 8018 at *6-7.  In the complaint, Plaintiff seeks less than $10,000. (Doc. 1, Exh. B).  Therefore, the amount in controversy is insufficient to establish diversity jurisdiction.

**IV.  Findings and Recommendations**

    Garcia's removal was procedurally defective, but even if he followed the proper procedure, the Court lacks subject matter and diversity jurisdiction, as Garcia was informed by the Court's previous order dated June 13, 2011.  Therefore, Garcia's filing of an *identical* Petition for Removal shows he has engaged in dilatory tactics to thwart the state court proceedings.  While under very limited circumstances it may be possible to remove a case that was previously remanded for a lack of jurisdiction, Garcia is advised that under no conceivable circumstances will this unlawful detainer action ever be subject to removal in federal court.  Garcia is directed to not file any further notices of removal with respect to Kern County Superior Court Case No. S-1500-CL-256882.  In the event

1  Garcia disregards this order, he will be subject to an order to show cause why sanctions should not
2  be imposed.³

3      Accordingly, the Court hereby **RECOMMENDS** that:
4      1.    Plaintiff's motion to remand be **GRANTED**;
5      2.    The matter be **REMANDED** to the Kern County Superior Court; and
6      3.    Because the order remanding this matter to state court concludes this case, the Clerk
7          of the Court be directed to close this matter.

8    These Findings and Recommendations are submitted to the United States District Judge
9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the
10 Local Rules of Practice for the United States District Court, Eastern District of California. Within
11 fourteen days after being served with these findings and recommendations, any party may file
12 written objections with the court. Such a document should be captioned "Objections to Magistrate
13 Judge's Findings and Recommendations." The parties are advised that failure to file objections
14 within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*,
15 951 F.2d 1153 (9th Cir. 1991).
16 IT IS SO ORDERED.
17 Dated:  **September 27, 2011**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

---

³ Under Fed. R. Civ. P. 11, a court "may impose appropriate sanctions." The Ninth Circuit has stated sanctions are appropriate "where the action is *clearly* frivolous, legally unreasonable, or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). In addition, where a party files an unreasonable petition for removal, a court "may require payment of costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).