IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>SERGIO GARCIA, an individual, MARK LOPEZ, an individual, and DOES 1 through 10 inclusive,<br><br>            Defendants.<br>_____ | Case No.: 1:11-cv-01370 AWI JLT<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT AND TO DISMISS THE MATTER<br><br>(Doc. 10) |

Sergio Garcia ("Garcia") seeks removal of an unlawful detainer action filed in Kern County Superior Court by the plaintiff, Federal Home Loan Mortgage Corporation. (Doc. 1). On September 27, 2011, the Magistrate Judge recommended the matter be remanded the plaintiff's motion to remand the matter to Kern County Superior Court be granted. (Doc. 10). The Magistrate Judge noted Garcia had removed the matter previously, and Garcia's Petition for Removal "contains *identical* language to the Petition for Removal filed May 4, 2011." (Doc. 10) (*comparing* Case No. 1:11-cv-00711-AWI-JLT, Doc. 1 *with* Case No.: 1:11-cv-01370-AWI- JLT, Doc. 1).

To remove a case to federal court in cases involving multiple defendants, such as the current matter, the "rule of unanimity" requires that all defendants must join in a removal petition. *Wisconsin Dept of Corrections v. Schacht*, 524 U.S. 381, 393 (1998), citing *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900). The Magistrate Judge found Garcia failed

to indicate his co-defendant joins or consents to the removal, a deficiency that was also present in his first attempt to remove the matter. In addition, the Magistrate Judge found Garcia failed to file his notice of removal within the thirty days required under 28 U.S.C. § 1446(b).

As the party seeking removal to the federal Court, Garcia "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996), *citing Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992). The Magistrate Judge found that the underlying complaint in the unlawful detainer action establishes the Court lacks jurisdiction, because an unlawful detainer action arises under state law. *See Deutsche Bank Nat'l Trust Co v. Solih Jora*, 2010 U.S. Dist. LEXIS 105453, at *4 (E.D. Cal. Oct. 1, 2010); *Galileo Fin. v. Miin Sun Park*, 2009 U.S. Dist. LEXIS 94996, at *1-2 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Further, to have diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). However, the Magistrate Judge noted Plaintiff's complaint seeks an amount less than $10,000. Therefore, the Magistrate Judge concluded the Court lacks subject matter and diversity jurisdiction.

Although Garcia was granted fourteen days from September 27, 2011, or until October 11, 2011, to file objections to the Magistrate Judge's Findings and Recommendations, he did not do so. Notably, Garcia was advised that failure to file objections within the specified time may waive the right to appeal the Court's order. (Doc. 10 at 5).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed September 27, 2011, are **ADOPTED IN FULL**;

///

2

    2.    The matter is **ORDERED** to be **REMANDED** to the Kern County Superior Court; and

    3.    The Clerk of Court **IS DIRECTED** to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   February 6, 2012

CHIEF UNITED STATES DISTRICT JUDGE